O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY SCOTT ADAMS, | ) | NO. EDCV 12-00338-TJH (MAN) |
| Petitioner, | ) | ORDER: DENYING PETITION AND |
| v. | ) | DISMISSING ACTION WITH PREJUDICE; |
| RTC GROUNDS, WARDEN, | ) | AND DENYING CERTIFICATE OF |
| Respondent. | ) | APPEALABILITY |

On March 6, 2012, Petitioner, a prisoner in state custody, filed a 28 U.S.C. § 2254 habeas petition ("Petition"), with supporting exhibits ("Pet. Ex."). Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the summary dismissal of Section 2254 petitions "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, 28 U.S.C. foll. § 2254. The Court has concluded that summary dismissal of the Petition is required, because federal habeas relief is foreclosed for the reasons set forth below.

**PRIOR PROCEEDINGS**

In 1993, Petitioner was convicted of second degree murder, with a true finding on a California Penal Code § 12022.5(a) (use of a firearm) enhancement. He was sentenced to 15 years to life with the possibility of parole. (Petition 2; Pet. Ex., transcript of April 27, 2010 hearing before the State of California Board of Parole Hearings ("HT") 3.)

On April 27, 2010, Petitioner appeared before the Board of Parole Hearings ("Board") for a subsequent parole consideration hearing, which is the proceeding at issue in this action. (Petition at 3; HT, *passim*.) Petitioner was represented by counsel at the hearing. (HT 4.) Petitioner acknowledged that, prior to the hearing, he received a document listing his rights in connection with the parole consideration hearing and reviewed them with a counselor. (HT 8-9.) Petitioner's attorney stated that he had discussed with Petitioner his rights and the format for the parole consideration hearing. (HT 9-10.) Petitioner stated that he would prefer to have his attorney speak on his behalf and answer questions for him during the hearing. (HT 7, 11.) Thereafter, Petitioner's attorney, as well as Petitioner at times, answered the Board's questions regarding the circumstances of the commitment offense, Petitioner's prior criminal history, his conduct in prison (including disciplinary infractions, work and educational history, self-help program efforts, and psychological treatment), his parole plans, and his psychological evaluations. (HT 13-23, 28-31, 34-36.) Petitioner's counsel presented a closing argument regarding Petitioner's suitability for parole. (HT 40-43.) Petitioner declined to make a closing

statement. (HT 40, 43.)

Following the hearing, the Board found Petitioner unsuitable for parole, concluding that he poses an unreasonable risk of danger if released from prison. (HT 46.) The Board specifically explained the reasons for its decision and set a ten-year deferral period for Petitioner's further consideration for parole. (HT 46-62.) (Hereafter, the "Board Decision.")

Petitioner sought habeas relief in the trial court, the California Court of Appeal, and the California Supreme Court. (Petition at 6.) The trial court reviewed the record and concluded that there is some evidence to support the Board's decision that Petitioner constitutes a current threat to public safety. (Pet. Ex., April 20, 2011 order of the trial court, *citing* In re Lawrence, 44 Cal. 4th 1181, 1210, 82 Cal. Rptr. 3d 169, 189 (2008).) Both the California Court of Appeal and the California Supreme Court denied relief summarily. (Pet. Ex., June 14, 2011 Order of the California Court of Appeal, and February 1, 2012 Order of the California Supreme Court.)

**PETITIONER'S HABEAS CLAIM**

Petitioner's sole claim is as follows:

> The Board of Parole Hearings' decision to deny me parole is not supported by facts amounting to some evidence that I am currently dangerous and that my release will unreasonably endanger public safety.

(Petition at 3, referring generally to the HT and <u>Lawrence</u>, *supra*.)

**DISCUSSION**

California's parole scheme contemplates that a prisoner sentenced to a term of life with the possibility of parole must be found suitable for parole before a parole date can be set. California Penal Code § 3041(b) and related implementing regulations set forth criteria for determining whether a prisoner is suitable for parole. *See* Cal. Code Regs. tit. 15, § 2402. The prisoner must be found unsuitable and denied a parole date if, in the judgment of the panel, he or she will pose an unreasonable danger to society if released. Cal. Code Regs. tit. 15, § 2402(a). "[T]he paramount consideration for both the Board and the Governor under the governing statutes is whether the inmate currently poses a threat to public safety and thus may not be released on parole." <u>Lawrence</u>, 44 Cal. 4th at 1210, 82 Cal. Rptr. 3d at 189. As a matter of California law, a finding that a prisoner is unsuitable for parole must be supported by "some evidence" that he currently poses such a threat. *See id.* at 1212, 82 Cal. Rptr. 3d at 190; <u>In re Shaputis</u>, 44 Cal. 4th 1241, 1254, 82 Cal. Rptr. 3d 213, 222-23 (2008).

The claim alleged in the Petition challenges the validity of the Board Decision under California law. Petitioner contends that California's "some evidence" requirement was not satisfied by the factors on which the Board relied in finding him unsuitable for parole.

In <u>Swarthout v. Cooke</u>, ___ U.S. ___, 131 S. Ct. 859 (2011)(*per curiam*), the Supreme Court considered a habeas claim that a California

4

1  state prisoner's right to federal due process was violated due to parole
2  unsuitability findings that were not supported by "some evidence."  The
3  Supreme Court concluded that a state, such as California, may create "a
4  liberty interest in parole."  *Id.* at 861.  The existence of such a *state*
5  liberty interest, however, does not give rise to a *federal* right to be
6  paroled.  *Id.* at 862; *see also* Roberts v. Hartley, 640 F.3d 1042, 1045-
7  46 (9th Cir. 2011)(explaining Cooke).  Rather, the federal due process
8  protection for such a state-created liberty interest is limited to
9  whether "the minimum procedures adequate for due-process protection of
10 that interest" have been met, namely, whether the prisoner was given the
11 opportunity to be heard and received a statement of the reasons why
12 parole was denied.  Cooke, 131 S. Ct. at 862-83; *see also* Miller v.
13 Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th
14 Cir. 2011)("The Supreme Court held in *Cooke* that in the context of
15 parole eligibility decisions the due process right is *procedural*, and
16 entitles a prisoner to nothing more than a fair hearing and a statement
17 of reasons for a parole board's decision.").  This procedural question
18 is "the beginning and the end of" a federal habeas court's inquiry into
19 whether due process has been violated when a state prisoner is denied
20 parole.  Cooke, 131 S. Ct. at 862; *see also* Roberts, 640 F.3d at 1046
21 ("If the state affords the procedural protections required by . . .
22 *Cooke*, that is the end of the matter for purposes of the Due Process
23 Clause.").
24
25       In Cooke, the Supreme Court rejected the rationale of prior Ninth
26 Circuit decisions, which found compliance with California's "some
27 evidence" standard to be a "substantive federal requirement" under the
28 Due Process Clause of the United States Constitution.  Cooke, 131 S. Ct.

5

1 at 862.  Indeed, the Supreme Court unequivocally stated that "it is no
2 federal concern . . . whether California's 'some evidence' rule of
3 judicial review (a procedure beyond what the Constitution demands) was
4 correctly applied."  *Id.* at 863; *see also* Miller, 642 F.3d at 716
5 (opining that earlier Ninth Circuit decisions on the scope of federal
6 habeas review of parole decisions have "been superseded" by Cooke).

8    Cooke has clearly established that the *only* federal habeas claim
9 available to a California prisoner found unsuitable for parole is a
10 procedural one, *i.e.,* a claim that the prisoner was not afforded an
11 opportunity to be heard and/or given a statement of the reasons why
12 parole was denied.  Cooke, 131 S. Ct. at 862.  Petitioner does not make
13 such a claim nor could he, as the record plainly forecloses any such
14 contention.  (*See* HT, *passim*.)

16    The Petition asserts the type of substantive due process claim
17 precluded by Cooke.  Petitioner takes issue with the correctness of the
18 Board's conclusion on the issue of his current dangerousness, and he
19 asks this Court to assess the validity of the Board's underlying
20 findings -- a task that is outside the scope of the habeas review
21 available under 28 U.S.C. § 2254.

23    Accordingly, a claim such as that presented by Petitioner involves
24 a purely state law issue and may not be considered on federal habeas
25 review.  Cooke, 131 S. Ct. at 862-63; *see also* 28 U.S.C. § 2254(a);
26 Roberts, 640 F.3d at 1046 (a misapplication of the "some evidence"
27 standard "makes no difference," because a "state's misapplication of its
28 own laws does not provide a basis for granting a federal writ of habeas

6

corpus"). As the claim alleged in the Petition is not cognizable, Rule 4 requires that the Petition be denied summarily, and this action must be dismissed with prejudice.

For the foregoing reasons, IT IS ORDERED that: the Petition is DENIED; and Judgment shall be entered dismissing this action with prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted and, thus, a certificate of appealability is DENIED.

DATED: March 20, 2012

_____
TERRY J. HATTER, JR.
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE