1

2                                                                O

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11   TIMOTHY SCOTT ADAMS,          )   NO. EDCV 12-00338-TJH (MAN)
                                    )
12                    Petitioner,   )   ORDER: DENYING PETITION AND
                                    )
13           v.                     )   DISMISSING ACTION WITH PREJUDICE;
                                    )
14   RTC GROUNDS, WARDEN,           )   AND DENYING CERTIFICATE OF
                                    )
15                    Respondent.   )   APPEALABILITY
     _____ )
16

17

18       On March 6, 2012, Petitioner, a prisoner in state custody, filed

19   a 28 U.S.C. § 2254 habeas petition ("Petition"), with supporting

20   exhibits ("Pet. Ex."). Rule 4 of the Rules Governing Section 2254 Cases

21   in the United States District Courts requires the summary dismissal of

22   Section 2254 petitions "[i]f it plainly appears from the petition and

23   any attached exhibits that the petitioner is not entitled to relief in

24   the district court . . . ." Rule 4, 28 U.S.C. foll. § 2254. The Court

25   has concluded that summary dismissal of the Petition is required,

26   because federal habeas relief is foreclosed for the reasons set forth

27   below.

28

**PRIOR PROCEEDINGS**

In 1993, Petitioner was convicted of second degree murder, with a true finding on a California Penal Code § 12022.5(a) (use of a firearm) enhancement.  He was sentenced to 15 years to life with the possibility of parole.  (Petition 2; Pet. Ex., transcript of April 27, 2010 hearing before the State of California Board of Parole Hearings ("HT") 3.)

On April 27, 2010, Petitioner appeared before the Board of Parole Hearings ("Board") for a subsequent parole consideration hearing, which is the proceeding at issue in this action.  (Petition at 3; HT, *passim*.) Petitioner was represented by counsel at the hearing.  (HT 4.) Petitioner acknowledged that, prior to the hearing, he received a document listing his rights in connection with the parole consideration hearing and reviewed them with a counselor.  (HT 8-9.)  Petitioner's attorney stated that he had discussed with Petitioner his rights and the format for the parole consideration hearing.  (HT 9-10.)  Petitioner stated that he would prefer to have his attorney speak on his behalf and answer questions for him during the hearing.  (HT 7, 11.)  Thereafter, Petitioner's attorney, as well as Petitioner at times, answered the Board's questions regarding the circumstances of the commitment offense, Petitioner's prior criminal history, his conduct in prison (including disciplinary infractions, work and educational history, self-help program efforts, and psychological treatment), his parole plans, and his psychological evaluations.  (HT 13-23, 28-31, 34-36.)  Petitioner's counsel presented a closing argument regarding Petitioner's suitability for parole.  (HT 40-43.)  Petitioner declined to make a closing

1  statement.  (HT 40, 43.)

2

3      Following the hearing, the Board found Petitioner unsuitable for

4  parole, concluding that he poses an unreasonable risk of danger if

5  released from prison.  (HT 46.)  The Board specifically explained the

6  reasons for its decision and set a ten-year deferral period for

7  Petitioner's further consideration for parole. (HT 46-62.) (Hereafter,

8  the "Board Decision.")

9

10     Petitioner sought habeas relief in the trial court, the California

11  Court of Appeal, and the California Supreme Court.  (Petition at 6.)

12  The trial court reviewed the record and concluded that there is some

13  evidence to support the Board's decision that Petitioner constitutes a

14  current threat to public safety.  (Pet. Ex., April 20, 2011 order of the

15  trial court, *citing* <u>In re Lawrence</u>, 44 Cal. 4th 1181, 1210, 82 Cal.

16  Rptr. 3d 169, 189 (2008).)  Both the California Court of Appeal and the

17  California Supreme Court denied relief summarily.  (Pet. Ex., June 14,

18  2011 Order of the California Court of Appeal, and February 1, 2012 Order

19  of the California Supreme Court.)

20

21                      **PETITIONER'S HABEAS CLAIM**

22

23     Petitioner's sole claim is as follows:

24

25      The Board of Parole Hearings' decision to deny me parole

26      is not supported by facts amounting to some evidence that I

27      am currently dangerous and that my release will unreasonably

28      endanger public safety.

1   (Petition at 3, referring generally to the HT and Lawrence, *supra*.)

2

3                              **DISCUSSION**

4

5        California's parole scheme contemplates that a prisoner sentenced

6   to a term of life with the possibility of parole must be found suitable

7   for parole before a parole date can be set.   California Penal Code

8   § 3041(b) and related implementing regulations set forth criteria for

9   determining whether a prisoner is suitable for parole.   *See* Cal. Code

10  Regs. tit. 15, § 2402.   The prisoner must be found unsuitable and denied

11  a parole date if, in the judgment of the panel, he or she will pose an

12  unreasonable danger to society if released.   Cal. Code Regs. tit. 15,

13  § 2402(a).   "[T]he paramount consideration for both the Board and the

14  Governor under the governing statutes is whether the inmate currently

15  poses a threat to public safety and thus may not be released on parole."

16  Lawrence, 44 Cal. 4th at 1210, 82 Cal. Rptr. 3d at 189.   As a matter of

17  California law, a finding that a prisoner is unsuitable for parole must

18  be supported by "some evidence" that he currently poses such a threat.

19  *See id.* at 1212, 82 Cal. Rptr. 3d at 190; In re Shaputis, 44 Cal. 4th

20  1241, 1254, 82 Cal. Rptr. 3d 213, 222-23 (2008).

21

22       The claim alleged in the Petition challenges the validity of the

23  Board  Decision  under  California  law.    Petitioner  contends  that

24  California's "some evidence" requirement was not satisfied by the

25  factors on which the Board relied in finding him unsuitable for parole.

26

27       In Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859 (2011)(*per

28  curiam*), the Supreme Court considered a habeas claim that a California

                                       4

1  state prisoner's right to federal due process was violated due to parole

2  unsuitability findings that were not supported by "some evidence."  The

3  Supreme Court concluded that a state, such as California, may create "a

4  liberty interest in parole." *Id.* at 861.  The existence of such a *state*

5  liberty interest, however, does not give rise to a *federal* right to be

6  paroled.  *Id.* at 862; *see also* Roberts v. Hartley, 640 F.3d 1042, 1045-

7  46 (9th Cir. 2011)(explaining Cooke).  Rather, the federal due process

8  protection for such a state-created liberty interest is limited to

9  whether "the minimum procedures adequate for due-process protection of

10  that interest" have been met, namely, whether the prisoner was given the

11  opportunity to be heard and received a statement of the reasons why

12  parole was denied.  Cooke, 131 S. Ct. at 862-83; *see also* Miller v.

13  Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th

14  Cir. 2011)("The Supreme Court held in *Cooke* that in the context of

15  parole eligibility decisions the due process right is *procedural*, and

16  entitles a prisoner to nothing more than a fair hearing and a statement

17  of reasons for a parole board's decision.").  This procedural question

18  is "the beginning and the end of" a federal habeas court's inquiry into

19  whether due process has been violated when a state prisoner is denied

20  parole.  Cooke, 131 S. Ct. at 862; *see also* Roberts, 640 F.3d at 1046

21  ("If the state affords the procedural protections required by . . .

22  *Cooke*, that is the end of the matter for purposes of the Due Process

23  Clause.").

24

25      In Cooke, the Supreme Court rejected the rationale of prior Ninth

26  Circuit decisions, which found compliance with California's "some

27  evidence" standard to be a "substantive federal requirement" under the

28  Due Process Clause of the United States Constitution.  Cooke, 131 S. Ct.

1   at 862.  Indeed, the Supreme Court unequivocally stated that "it is no
2   federal concern . . . whether California's 'some evidence' rule of
3   judicial review (a procedure beyond what the Constitution demands) was
4   correctly applied."  *Id.* at 863; *see also* <u>Miller</u>, 642 F.3d at 716
5   (opining that earlier Ninth Circuit decisions on the scope of federal
6   habeas review of parole decisions have "been superseded" by <u>Cooke</u>).

7

8        <u>Cooke</u> has clearly established that the *only* federal habeas claim
9   available to a California prisoner found unsuitable for parole is a
10  procedural one, *i.e.,* a claim that the prisoner was not afforded an
11  opportunity to be heard and/or given a statement of the reasons why
12  parole was denied.  <u>Cooke</u>, 131 S. Ct. at 862.  Petitioner does not make
13  such a claim nor could he, as the record plainly forecloses any such
14  contention.  (*See* HT, *passim*.)

15

16       The Petition asserts the type of substantive due process claim
17  precluded by <u>Cooke</u>.  Petitioner takes issue with the correctness of the
18  Board's conclusion on the issue of his current dangerousness, and he
19  asks this Court to assess the validity of the Board's underlying
20  findings -- a task that is outside the scope of the habeas review
21  available under 28 U.S.C. § 2254.

22

23       Accordingly, a claim such as that presented by Petitioner involves
24  a purely state law issue and may not be considered on federal habeas
25  review.  <u>Cooke</u>, 131 S. Ct. at 862-63; *see also* 28 U.S.C. § 2254(a);
26  <u>Roberts</u>, 640 F.3d at 1046 (a misapplication of the "some evidence"
27  standard "makes no difference," because a "state's misapplication of its
28  own laws does not provide a basis for granting a federal writ of habeas

corpus").  As the claim alleged in the Petition is not cognizable, Rule
4 requires that the Petition be denied summarily, and this action must
be dismissed with prejudice.


     For the foregoing reasons, IT IS ORDERED that:  the Petition is
DENIED; and Judgment shall be entered dismissing this action with
prejudice.


     In addition, pursuant to Rule 11(a) of the Rules Governing Section
2254 Cases in the United States District Courts, the Court has
considered whether a certificate of appealability is warranted in this
case.  *See* 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-
85, 120 S. Ct. 1595, 1604 (2000).  The Court concludes that a
certificate of appealability is unwarranted and, thus, a certificate of
appealability is DENIED.


DATED: March 20, 2012

                              TERRY J. HATTER, JR.
                              UNITED STATES DISTRICT JUDGE



PRESENTED BY:


                              MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

7